UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO .
MAGISTRATE JUDGE **01-6385**

**CIV-HIGHSMITH**

MAGISTRATE JUDGE
GARBER

Access for Disabled, Inc.,
a Florida Not for Profit Corporation
and
Robert Cohen Individually,

        Plaintiff,

vs.

Flagler 251 Inc., a Florida Corporation

        Defendant(s).

_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

    Plaintiff, Access for Disabled,Inc., a Florida not-for-profit corporation, and Robert Cohen individually, (sometimes referred to herein as "Plaintiff"or Plaintiffs) , sues the Defendant(s), Flagler 251 Inc., a Florida Corporation (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

### STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,

2

establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.    Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.    The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.    Plaintiff, Access for Disabled, Inc. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Access for Disabled, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. Access for Disabled has also been discriminated against because of its association with its disabled members and their claims.

7.    Plaintiff, Robert Cohen is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Robert Cohen has visited the property which forms the basis of this lawsuit and  plans to return to the property to avail himself of the goods and the

3

services offered to the public at the property.

8.. The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiff.

9.. Access for Disabled, Inc. and Robert Cohen have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

10. Robert Cohen desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Galleria International and is located at 250 East Flagler Street, Miami, FL .

## THE INSTANT CLAIM

1. Defendant is required to remove architectural barriers to the physically disabled when such

4

removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

2.    Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

3.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges , advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

4.    Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

_Interior:_

5

1. The bathroom stall has a lavatory encroaching the clear floor space violation of ADAAG 4.17.3. See Photo F.

2. The toilet paper dispenser is not within the reach range specified and illustrated by the ADAAG 4.16.6 Fig. 29(b). See Photo F.

3. The signage is not mounted at the correct location or height as per ADAAG 4.30.6. See Photo's: G, J, K, M, N and Y.

4. The counters throughout the facilities are not at the correct height, nor are there fold down shelf counters that meet the accessible guidelines of ADAAG 4.32.4., 5.2 and 7.2(1) See Photo's: D, K, T and Y.

5. This accessible water closet (toilet) is not conformance with the requirements for the size and arrangements necessary to comply with the ADAAG 4.17.3. See Photo F

6. The ramp has a slope that exceeds the maximum amount of 1:12 as per ADAAG 4.8.2 and 4.7.2. See Photo C.

7. The threshold at the doorway is over the ½" maximum. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, as per the ADAAG 4.13.8 and 4.5.2 Fig. 7(c),(d). See Photo's: E and L.

6

8. There is no sign with directions to an accessible entrance as per the ADAAG 4.1.2(7)(c). See Photos S.

9. The tile is not slip-resistant as per the ADAAG 4.5.1. See Photo's: E, J, M and O.

10. The handles, locks and other operating devices on accessible doors should have a shape that is easy to grasp and does not require twisting of the wrist to operate. The hardware on these doors does not meet the guidelines of the ADAAG 4.13.9 See Photo's: J and V.

11. The elevator does not have hall lanterns as needed to comply with the ADAAG 4.10.4 See Photo's: H, I and P.

12. There is not vertical access to the upper level or the second floor as required by the ADAAG 4.1.3(1),(5). See Photo's: B, H, I, P, W and X.

13. The upper level fails to have the required accessible means of egress in the same number as required for exits by local building/life safety regulations per ADAAG 4.1.3.(8), (9). See Photo X.

14. The telephone is a protruding object, projecting over 4" into an accessible route in violation of the ADAAG 4.4.1. See Photo's: U and V.

15. The drinking fountains are protruding out, over 4" into the 36" accessible route, in violation of the ADAAG 4.4.1. See Photo G.

7

16. The fire extinguisher is a protruding object as per ADAAG 4.4.1. See Photo J.

17. The objects hanging from the walls or ceiling are lower than 80" from the floor, and there is not a barrier to warn a blind or visually-impaired person as needed by the ADAAG 4.4.2. See Photo U.

18. The signs on the doors are not in the correct location as per ADAAG 4.30.4. See photo K.

19. The doors do not have the minimum clear width of 32" as required by the ADAAG 4.13.5 See Photo's: E, K, M and Y.

20. There is not correct maneuvering clearance at doors violating ADAAG 4.13.6. See Photo's: G and J.

17.. The discriminatory violations described in Paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

19. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled

8

to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

22.    Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.    An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c.    Such other relief as the Court deems just and proper

9

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570- Broward
(305)534-9894 - Fax

By:

Lawrence A. Fuller, Esquire
Florida Bar #0180470

Date:

W:\WPDocs\A.D.A\NEW (TEMP) FILES\galleria international\complaint.wpd



A





signage

manuevering clearance

accessible route is not slip resistant

door hardware throughout the facility is not easy to grasp

J

doors are less **than 32"** clear typical

K

doors exceed 1/4" per 4.5.2 addag

L

Doors are less that the 32" requirement

M

N

floor tile **doesnot appear to be slip resistant**

O

P

Q



R

S



counters above 36"

T



U



round hardware

accessible route is reduced to less than 36" clear

V

W



X



OPEN   KENWOOD

Doors are less than 32"

Y

# CIVIL COVER SHEET

**01-6385**

**CIV-HIGHSMITH**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Access for Disabled, Inc.
a Florida Not for Profit Corporation
and
Robert Cohen, Individually

**DEFENDANTS**

Flagler 251 Inc., a Florida Corporation

**MAGISTRATE JUDGE GARBER**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward 01cv 6385 Highsmith Garber

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

FULLER, FULLER & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, Fl. 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

**IVa.** 1 1/2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A. BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Rackets or Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **B PRISONER PETITIONS** | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 900 Appeal of Fee Determination Under Equal Access to Just |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights A or B | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 03/1/01
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
JS-44
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 838310
Date Paid: 03/14/88
Amount: 150.00
Mfp: _____